UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Woods, #314307, | ) C/A No.  4:25-3964-MGL-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Capt. Williams, Lieutenant Isaac/Issac, Nurse Lapoint, | ) |
| Defendants. | ) |

Plaintiff is a state prisoner, proceeding *pro se*. In June 2025, service was previously authorized on all Defendants, which included Defendant Isaac. (ECF No. 13). Defendants Williams and Lapoint have answered. The summons returned unexecuted as to Defendant Isaac. (ECF No. 17). The USMS stated: "Myself and SCDC are unable to identify the defendant." (ECF No. 17). On September 12, 2025, Plaintiff was ordered to provide additional identifying information for Defendant Isaac. (ECF No. 27). Plaintiff provided only a different spelling of the last name and did not provide a first name. (ECF No. 31). Nonetheless, out of an abundance of caution, the court authorized service a second time. (ECF No. 39). Service was due by January 6, 2026. The USMS noted SCDC would not accept service, no last known address was provided, and because Defendant Isaac/Issac's full name was not given by Plaintiff, an adequate search of the SCDMV was not able to be conducted. (ECF No. 54).

Plaintiff was already informed: "The providing of sufficient, accurate, and complete information on the Forms USM-285 is the responsibility of Plaintiff. Also, Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a

1

particular defendant is served within 90 days after the complaint is filed, this Court may have to dismiss an action without prejudice as to that particular defendant." (ECF No. 26).

The USMS's duty to expend a reasonable investigative effort does not rise until a defendant is properly identified by Plaintiff. *See Shirley v. Staubs,* 812 Fed. Appx. 162, 163 (4th Cir. 2020). Plaintiff has been given two opportunities to fully identify the Defendant Isaac/Issac in order to facilitate the USMS investigation for service and the court has already issued service twice for that Defendant. Under Fed. R. Civ. Proc. 4(m), Plaintiff has not shown good cause for further extension of the time for service and pursuant to R. 4(m), it is recommended that Defendant Issac/Issac be dismissed without prejudice and this action continue to proceed against the other Defendants who have answered.

|  |  |
|---|---|
| January 22, 2026<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).